IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

NERY ROLANDO JEREZ-TOCO,

    Petitioner,

v.

CHARLES SAMUELS; WARDEN TRACY
JOHNS; and GEORGE ZOLEY,

    Respondents.

CIVIL ACTION NO.: 5:16-cv-91

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nery Roland Jerez-Toco, ("Jerez-Toco"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Jerez-Toco's Petition without prejudice and **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Jerez-Toco *in forma pauperis* status on appeal.

## BACKGROUND

Jerez-Toco was convicted in the Western District of Pennsylvania, after entry of a guilty plea, of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. J., United States v. Jerez-Toco, No. 2:11-cr-00185-DWA-3 (W.D. Penn. Apr. 4, 2014), ECF No. 752. He was sentenced to 70 months' imprisonment on April 2, 2014. Id. On July 29, 2015, Jerez-Toco's sentence was reduced to 60 months' imprisonment to be followed by four years of supervised release. Am. J., United States v. Jerez-Toco, No. 2:11-cr-00185-DWA-3 (W.D. Penn. July 29, 2015), ECF No. 828.

Throughout his Petition, Jerez-Toco makes allegations concerning the conditions of his custody at D. Ray James Correctional Facility. Specifically, Jerez-Toco alleges that Defendants' failure to provide sufficient medical care for injuries he sustained to his leg and back violates the Eighth Amendment's prohibition against deliberate indifference to his serious medical needs. (Doc. 1, p. 2.) As a remedy, Petitioner requests that the Court order D. Ray James Correctional Facility or the Bureau of Prisons to provide him proper medical care. (Id. at p. 8.)

I.  **Whether Jerez-Toco Presents Claims Which can be Addressed by a Writ of Habeas Corpus**

Despite Jerez-Toco's characterization of his pleading as one made pursuant to 28 U.S.C. § 2241, the contentions he sets forth fall outside the purview of that statute. His claims would ordinarily be brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The distinction between claims which may be brought under Bivens and those which must be brought as habeas petitions is reasonably well settled. Claims in which federal prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence are Bivens actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994). Habeas actions, in contrast, explicitly or by necessary implication, challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment). Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a Bivens claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

Jerez-Toco cannot bring the claims he asserts via a habeas petition. His claims concerning deliberate indifference to his serious medical needs under the Eighth Amendment are not cognizable pursuant to 28 U.S.C. § 2241. Moreover, he does not seek to challenge his sentence,

his conviction, or the duration of his confinement. Accordingly, the Court should **DISMISS** Jerez-Toco's Petition without prejudice.

## II.     Whether the Court Should Recharacterize Jerez-Toco's Petition

"Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). This Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. United States District Court, 523 F. App'x 691, 694 (11th Cir. 2013). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of the motion and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82).

However, it would be futile, and thus, improper to recharacterize Jerez-Toco's Petition as a Bivens action. The United States Supreme Court has held that a federal prisoner cannot bring a Bivens claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions.[1] Minneci v. Pollard, ___ U.S. ___, 132 S. Ct. 617 (Jan. 10, 2012). The Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." Id. at ___, 132 S. Ct. at 623 (quoting Wilkie v. Robbins, 551 U.S. 537, 559 (2007)) (declining to extend

---

[1] In the Eleventh Circuit, such a claim has been foreclosed since 2008. See Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008) (declining to extend Bivens to cover a claim for deliberate indifference to medical needs against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees).

3

Bivens liability to allow a landowner to pursue a private action against employees of the Bureau of Land Development).

D. Ray James Correctional Facility is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James, including Respondents, are employees of The GEO Group, Inc., a private entity. Like the plaintiffs in Minneci and Alba, so long as Jerez-Toco has adequate state law remedies available to him, he may not maintain a cause of action pursuant to Bivens against The GEO Group, Inc., or its employees (such as Respondents) because The GEO Group, Inc., and its employees are private parties. Thus, Jerez-Toco's remedy, if any, against Respondents lies in state court.[2] Consequently, Jerez-Toco cannot bring a Bivens action against the named parties.

### III.  Leave to Appeal *In Forma Pauperis*

The Court should also deny Jerez-Toco leave to appeal *in forma pauperis*. Though Jerez-Toco has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are

---

[2]  The Court offers no opinion as to the efficacy of such a pursuit.

indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Jerez-Toco's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Jerez-Toco *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Jerez-Toco's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Jerez-Toco *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Jerez-Toco.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of October, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA